By the Court
 

 (Kinkade, J.).
 

 This was an action in the trial court brought by an administrator against the board of county commissioners to recover damages resulting from a death caused by negligence consisting of an omission to erect and maintain guard rails along the sides of an embankment approach to a bridge forming a part of a state highway. The commissioners
 
 *439
 
 filed an answer to the petition, in which they averred that no duty was imposed by law upon the county commissioners to erect and maintain guard rails on the approaches to the bridge in question, for the reason that the highway was a state highway, and was under the exclusive control of the state highway department, and not under the control of the county commissioners. At the close of plaintiff’s evidence in the trial court, the defendants moved a directed verdict in their favor, which motion was granted, and judgment entered accordingly, and that judgment was affirmed on error by the Court of Appeals of Marion county. The case was certified to this court for review, as the decision reached by the Court of Appeals was found to be at variance with a decision of the Court of Appeals of another district
 
 (Harrigan, Admr.,
 
 v.
 
 Board of Commissioners of Lawrence County,
 
 13 Ohio App., 408).
 

 Section 7464, General Code, in effect at the time of the accident out of which this action arose, divides the public highways of the state into three classes, that is to say, state roads, county roads and township roads, and state roads are defined as follows:
 

 “State roads shall include the roads and highways on the state highway system.”
 

 Section 7467, General Code, provides as follows:
 

 “The state, county and township shall each maintain their respective roads as designated in the classification hereinabove set forth * *
 

 There is no dispute about the facts in this case. The highway in question, including the bridge across a branch of the Whetstone river in Marion county, was a state highway, constructed and maintained by the state highway department. Guard rails were not provided for the approaches to the bridge. By reason of the absence of guard rails, an automobile carrying four persons went over the embankment near the bridge, in the night season, and the four occupants in
 
 *440
 
 the car were drowned in the river spanned by the bridge.
 

 The sole question for decision in this case is whether the county commissioners carried the duty to erect and maintain the guard rails. Under the statute, it was not a duty resting upon the county commissioners, to erect and maintain guard rails on this state highway.
 

 The judgment of the trial and appellate courts will be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Day, Allen and Stephenson, JJ., concur.